Dong v. Sessions

BIA
Poczter, IJ
A206 052 384

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 12th day of October, two thousand seventeen.

PRESENT:
>       JON O. NEWMAN,
>       RICHARD C. WESLEY,
>       DEBRA ANN LIVINGSTON,
>             *Circuit Judges.*

_____

XINGXIONG DONG,
>       *Petitioner,*

>       v.                                        16-2050
>                                                  NAC

JEFFERSON B. SESSIONS III,
UNITED STATES ATTORNEY GENERAL,
>       *Respondent.*

_____

FOR PETITIONER:            Gary J. Yerman, New York, NY.

FOR RESPONDENT:            Chad A. Readler, Acting Assistant
                           Attorney General; Paul Fiorino,
                           Senior Litigation Counsel; Jenny C.
                           Lee, Trial Attorney, Office of
                           Immigration Litigation, United
                           States Department of Justice,
                           Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Xingxiong Dong, a native and citizen of the People's Republic of China, seeks review of a May 23, 2016, decision of the BIA affirming an October 31, 2014, decision of an Immigration Judge ("IJ") denying Dong's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Xingxiong Dong,* No. A206 052 384 (B.I.A. May 23, 2016), *aff'g* No. A206 052 384 (Immig. Ct. N.Y. City Oct. 31, 2014). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the IJ's decision as modified by the BIA, and reach only the adverse credibility determination. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). We review the adverse credibility determination for substantial evidence. 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008).

The agency may, "[c]onsidering the totality of the circumstances," base an adverse credibility determination on an applicant's "demeanor, candor, or responsiveness," as well as inconsistencies or omissions in an applicant's oral and written statements and other record evidence, regardless of whether any such discrepancies "go[] to the heart of the applicant's claim."  8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 163-64.  "We defer . . . to an IJ's credibility determination unless . . . it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin*, 534 F.3d at 167.

Substantial evidence supports the agency's conclusion that Dong was not credible.  The agency reasonably relied on a discrepancy regarding Dong's introduction to Christianity. *See* 8 U.S.C. § 1158(b)(1)(B)(iii).  This discrepancy is supported by the record.  Dong's application, testimony, and evidence stated that he first came into contact with Christianity on November 17, 2011, when he attended an underground church at his sister's suggestion.  However, on cross examination, Dong testified that he came from a Christian family; that both his parents and wife, whom he married in 2000,

3

were Christian and occasionally attended underground church services; and that his parents taught him and his sister about Christianity when they were children. While it is plausible that Dong did not consider himself to be Christian until he attended a church service, this does not explain why Dong emphasized his sister's Christianity while omitting that his wife and parents are also Christian. *Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; 'he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (quotation marks omitted)); *see also Xiu Xia Lin*, 534 F.3d at 166 n.3 ("An inconsistency and an omission are . . . functionally equivalent.").

The agency reasonably concluded that Dong's letter from his sister and the absence of letters from his wife and parents further undermined his credibility. Dong's sister's letter also omitted that their parents and Dong's wife are Christian, as well as omitting the reason that she recommended Dong attend church. *Xiu Xia Lin*, 534 F.3d at 166-67 & n.3 (upholding agency's reliance on omissions in letters as support for an

4

adverse credibility determination).  Dong's explanation that his sister simplified her letter because she was worried it might be intercepted by the authorities is not compelling given her statement in the letter that she preached to Dong.  *Majidi*, 430 F.3d at 80-81.  And the absence of letters from Dong's parents or wife made Dong unable to rehabilitate or clarify his testimony.  *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) ("An applicant's failure to corroborate his . . . testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question.").  The agency reasonably rejected Dong's explanation that he did not want to implicate his parents or wife given both his willingness to obtain a letter from his sister describing her "repetitive preaching" and his testimony that his family has not had any problems on account of their Christianity.  *See* 8 U.S.C. § 1252(b)(4) (courts may not reverse agency's determination regarding the availability of corroborating evidence unless we are "compelled to conclude that such corroborating evidence is unavailable.").

5

These discrepancies call into question Dong's timeline and motivation for practicing Christianity, and thus, the believability of his claim.  *See Siewe v. Gonzales*, 480 F.3d 160, 170 (2d Cir. 2007) ("[A] single false document or a single instance of false testimony may (if attributable to petitioner) infect the balance of the alien's uncorroborated or unauthenticated evidence."); *see also Xiu Xia Lin*, 534 F.3d at 164 ("[I]n evaluating an asylum applicant's credibility, an IJ may rely on omissions and inconsistencies that do not directly relate to the applicant's claim of persecution as long as the totality of the circumstances establish that the applicant is not credible.").

 Dong argues that the agency should have separately addressed whether he has a well-founded fear of persecution based on his church attendance in the United States.  However, Dong did not press this claim before the agency and did not submit country conditions evidence to show that he would be targeted absent past persecution.  *See Foster v. U.S. INS*, 376 F.3d 75, 78 (2d Cir. 2004) (requiring petitioner to raise issues to the agency in order to preserve them for judicial review).  Moreover, Dong's lack of credibility regarding his past

practice of Christianity calls into question the sincerity of his religious practice in the United States and the credibility of his intent to continue to practice if returned to China. *Siewe*, 480 F.3d at 170.

Because Dong's claims were all based on the same factual predicate, the adverse credibility determination is dispositive of asylum, withholding of removal, and CAT relief. *Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

7